IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAYDEN LIMES, #4001439251, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-01749-SMY |
| ) | |
| EFFINGHAM POLICE DEPARTMENT, ) | |
| OFFICER ANDY WARNER, ) | |
| and OFFICER JOHN/JANE DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Hayden Limes, a detainee at Saline County Jail in Harrisburg, Illinois, filed this civil rights action pursuant to 42 U.S.C. § 1983[1] for alleged constitutional deprivations that occurred during his arrest on March 8, 2023. (Doc. 1). The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires it to filter out any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): Plaintiff called 9-1-1 to report the overdose of a third party at his home on or around March 8, 2023. Effingham Police Officer Andy Warner reported to the residence and arrested Plaintiff without a warrant. The arrest surprised Plaintiff, who was only seeking help for someone else. *Id*.

---

[1] Plaintiff used the Court's standard civil rights complaint form to file the Complaint and checked a box designating the action as brought under 28 U.S.C. § 1331. However, because Plaintiff names a county police department and officers as the only defendants, the Court construes this action as having been filed under 42 U.S.C. § 1983, which imposes tort liability on state and local officials.

1

Plaintiff was taken to St. Anthony's Memorial Hospital in Effingham, Illinois, where Officer John/Jane Doe signed a consent for treatment over his objections. At the time, Plaintiff showed no signs of overdose and was coherent; he correctly stated his name, birthday, date, etc. He also posed no threat of harm to himself or others. Even so, he was forcibly injected with an unknown substance, all while insisting that his rights were being violated. Plaintiff was then discharged with no paperwork. Four unknown officers carried him from the hospital, and the head nurse shoved him back into a police car. *Id*.

### Preliminary Dismissals

The Effingham Police Department is named as a defendant but is not a "person" subject to suit under 42 U.S.C. § 1983. Municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Because Plaintiff describes no such policy or custom, this defendant will be dismissed without prejudice.

In the statement of his claim, Plaintiff mentions four unknown officers who escorted him from the hospital and the head nurse who shoved him into a police car on March 8, 2023. However, because he does not identify them as defendants in the Complaint, the Court will not treat them as parties. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"). Therefore, all claims against the four unknown officers are dismissed without prejudice.

### Discussion

The Court designates the following claims in this *pro se* Complaint:

**Count 1:** Fourth Amendment claim against Officer Warner for the unlawful arrest of Plaintiff when he called 9-1-1 to report the overdose of a third party at his residence on or around March 8, 2023.

**Count 2:** Fourth and/or Fourteenth Amendment claim against Officer Doe for consenting to treatment on behalf of Plaintiff over his objections and causing the unwanted injection of an unknown substance into his body at

St. Anthony's Memorial Hospital on or around March 8, 2023. **Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Count 1

To state a colorable Fourth Amendment unlawful arrest claim, a plaintiff must plead factual allegations suggesting he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). Probable cause for an arrest exists, if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." *Id*. at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

Plaintiff alleges that he was arrested after calling 9-1-1 to report the overdose of a third party at his home. At the time, Officer Warner had no warrant for Plaintiff's arrest, and Plaintiff showed no signs of drug use or overdose. These allegations are sufficient to articulate a Fourth Amendment claim against Officer Warner in Count 1.

### Count 2

The Fourth Amendment prohibits unreasonable searches and seizures. *See Herzog v. Village of Winnetka, Ill.*, 309 F.3d 1041 (7th Cir. 2002). An objectively unreasonable search or seizure provides sufficient grounds for a claim, regardless of an officer's motive or the plaintiff's injuries. *Id*. at 1044.

The Fourteenth Amendment guards against deprivations of protected liberty interests without due process of law, including the unwanted administration of certain drugs. *See Fuller v. Dillon*, 236 F.3d 876, 881 (7th Cir. 2001); *Washington v. Harper*, 494 U.S. 210, 221-22 (1990).

Here, Plaintiff alleges that Officer Doe consented to treatment on Plaintiff's behalf following his false arrest and over his objections, causing him to receive an unwanted injection. These allegations support a colorable claim in Count 2 against Officer Doe. The Sheriff of Effingham County will be added as a defendant, in an official capacity only, for purposes of identifying Officer John/Jane Doe by first and last name, so this lawsuit can be served on the officer.

## Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against **OFFICER ANDY WARNER**, and **COUNT 2** will proceed against **OFFICER JOHN/JANE DOE (once identified).** The Clerk's Office is directed to **ADD** the Sheriff of Effingham County as a defendant, in an official capacity, for purposes of identifying Officer John/Jane Doe.

**ALL CLAIMS** against **EFFINGHAM POLICE DEPARTMENT** are **DISMISSED** without prejudice because the Complaint states no claim upon which relief may be granted against this defendant, and the Clerk is **DIRECTED** to **TERMINATE** this defendant in CM/ECF.

The Clerk of Court shall prepare for **SHERIFF OF EFFINGHAM COUNTY (official capacity only), OFFICER ANDY WARNER,** and **OFFICER JOHN/JANE DOE (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent allowed under Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). The **Effingham County Sheriff** need only appear in this matter and need not answer the Complaint.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/12/2024**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve the defendants with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Answer, but it is entirely possible that it will take **90 days** or more. When the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel files an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed.**